CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 30 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

DAVID FRANK SPRINKLE, Plaintiff,

v.

BLUE RIDGE JAIL AUTHORITY, et al., Defendants.

Civil Action No. 7:06CV00343

MEMORANDUM OPINION

By: Hon. Glen E. Conrad
United States District Judge

The plaintiff, David Frank Sprinkle, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. Having reviewed the complaint, the court concludes that the plaintiff has failed to state a claim upon which relief may be granted. Therefore, the court will dismiss the complaint pursuant to 28 U.S.C. § 1915A(b)(1).[1]

## Background

Sprinkle is presently incarcerated at the Bedford County Adult Detention Center. He was previously incarcerated at the Lynchburg Adult Detention Center and at the Campbell County Adult Detention Center. All three jails are operated by the Blue Ridge Regional Jail Authority.

In his first claim, Sprinkle alleges that he received inadequate medical care while he was incarcerated at the jail in Lynchburg. Specifically, Sprinkle alleges that Dr. Dobyns advised him that his kidney disease was "not that serious" without properly reviewing Sprinkle's medical history. Sprinkle also alleges that Dr. Dobyns, Dr. Hutchison, and Nurse White took him off of his medications and decided to only provide Motrin for ankle pain. Finally, Sprinkle contends that Dr. Hutchison engaged in practices that "offend his own scruples and conscience" by not

[1]This statute provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

properly updating Sprinkle's file and by failing to respond to a letter from Sprinkle.

In his second claim, Sprinkle alleges that he was threatened by Correctional Officer Fitch at the Campbell County Adult Detention Center on February 9, 2006. Sprinkle alleges that he asked Fitch to give him an inmate request form, so that he could request an extra blanket. In response, Fitch allegedly said, "Keep on writing request[s] to medical and you'll see what's going to happen to you. Just keep on. It's not going to be good."

Sprinkle's complaint was conditionally filed on June 8, 2006. In the conditional filing order, Sprinkle was given the opportunity to amend his complaint within twenty days to include more specific information about his medical problems and the actions undertaken by each defendant. Sprinkle was also directed to submit an inmate account report. Although Sprinkle has since submitted the inmate account report, he has not filed a motion to amend or otherwise provided any additional factual allegations.

## Discussion

In order to state a claim under § 1983, a plaintiff must allege facts sufficient to establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that such deprivation is a result of conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Having reviewed Sprinkle's allegations, the court concludes that he has failed to state a claim against any of the named defendants.[2]

[2]The court notes that the plaintiff named the Blue Ridge Regional Jail Authority as a defendant. However, because the Jail Authority is not a "person" amenable to suit under § 1983, any claims against the Jail Authority must be dismissed. See Will v. Michigan Dept of State Police, 491 U.S. 58, 71 (1989).



Case 7:06-cv-00343-GEC-mfu Document 12 Filed 06/30/06 Page 2 of 4 Pageid#: 50

A. Medical Defendants

It is well settled that jail officials may violate an inmate's Eighth Amendment right to be free from cruel and unusual punishment, if the officials act with "deliberate indifference" to the inmate's "serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976). The test for deliberate indifference involves both an objective and a subjective component. The alleged deprivation must be, objectively, "sufficiently serious," and the officials must know of and disregard an excessive risk to the inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 834-837 (1994). Inadvertent failure to provide treatment, negligent diagnosis, and medical malpractice do not present constitutional deprivations. Estelle, 429 U.S. at 105-06. Likewise, questions of medical judgment are not subject to judicial review, Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975), and disagreements between an inmate and a physician over the inmate's proper medical care do not state a claim under § 1983 unless exceptional circumstances are alleged. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

Applying these principles, the court concludes that Sprinkle's allegations fail to state a claim against the medical defendants. Sprinkle does not allege that he is suffering any deleterious effects from the manner in which Dr. Dobyns decided to treat his kidney disease. While Sprinkle may disagree with Dr. Dobyns's opinion regarding the severity of the disease, or the medical defendants' decision to provide Motrin for his ankle pain, such disagreements fail to state a claim for deliberate indifference. See Russell, 528 F.2d at 319; Wright, 766 F.2d at 849. Likewise, the plaintiff's allegation that Dr. Hutchison did not adequately update his file or respond to his letter, at most, implies negligence, which is not actionable under § 1983. See Estelle, 429 U.S. at 105-106.

B. Correctional Officer Fitch

The court also concludes that the plaintiff has failed to state a claim against Correctional Officer Fitch. Although Fitch's threatening statements may be unprofessional and inappropriate, mere threats or harassment by jail officials, without more, do not state a cognizable claim under § 1983. See Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979).

**Conclusion**

For the reasons stated, the court will dismiss the plaintiff's complaint without prejudice for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1). The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and counsel of record for the defendants, if known.

**ENTER**: This 30th day of June, 2006.

[signature]

United States District Judge